## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **SAN ANTONIO BAY ESTUARINE WATERKEEPER and S. DIANE WILSON** | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | **Civil Action No. 6:17-CV-00047** |
| **FORMOSA PLASTICS CORP., TEXAS and FORMOSA PLASTICS CORP., U.S.A.** | § § § § | |
| *Defendants*. | § § | |

## ORIGINAL ANSWER AND DEFENSES OF DEFENDANTS
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Formosa Plastics Corp., Texas  and Formosa Plastics Corp., U.S.A. (which, although separate legal entities, are for convenience referred to herein together as "*Formosa*") answer and assert affirmative defenses, as follows, to the First Amended Complaint filed on January 28, 2019 (the "*Complaint*"), by Plaintiff San Antonio Bay Estuarine Waterkeeper and S. Diane Wilson (collectively, "*Plaintiffs*").

## ADMISSIONS AND DENIALS

## "INTRODUCTION"

1.      Paragraph 1 of the Complaint contains allegations that constitute Plaintiff's characterization of its claims and that otherwise constitute conclusions of law; thus, no response is required. However, to the extent that a response is necessary, Formosa denies the same. Further, Formosa denies that it has violated, or is violating, its Texas Pollution Discharge Elimination System ("**TPDES**") permit or the Clean Water Act.

2.      Paragraph 2 of the Complaint contains allegations that constitute Plaintiff's characterization of the relief it is requesting and that otherwise constitute conclusions of law; thus, no response is required. However, to the extent that a response is necessary, Formosa denies the same. Further, Formosa denies that it has illegally discharged or is illegally discharging or that it has harmed or is harming Cox Creek, Lavaca Bay, Matagorda Bay, the surrounding wetlands, beaches or their wildlife, or Plaintiffs.

3.      Paragraph 3 of the Complaint contains allegations that constitute Plaintiff's characterization of Formosa's TPDES permit and that otherwise constitute conclusions of law; thus, no response is required.

4.      Formosa denies that it has illegally discharged, or is illegally discharging, plastics.  Formosa admits that the aerial photo correct depicts the location of the Formosa plant, Cox Creek, Lavaca Bay, and Matagorda Bay, and that it correctly labels other landmarks in the general area. Formosa is without is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.      Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.      Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7.       Paragraph 7 of the Complaint contains allegations that constitute Plaintiff's characterization of its requested relief and that otherwise constitute conclusions of law; thus, no

response is required. However, to the extent that a response is necessary, Formosa denies the same.  Further, Formosa denies that it has illegally discharged pellets.

8.      Paragraph 8 of the Complaint contains allegations that constitute Plaintiff's characterization of its requested relief and that otherwise constitute conclusions of law; thus, no response is required.  However, to the extent a response is necessary, Formosa denies the same. Further, Formosa denies that it has violated or is violating the law.

9.      Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegation, contained in Paragraph 9 of the Complaint, that Plaintiffs use and enjoy the Cox Creek, Lavaca Bay, and Matagorda Bay ecosystems, and therefore denies the same. Formosa denies the remaining allegations contained in Paragraph 9 of the Complaint.

## "JURISDICTION AND VENUE"

10.      Paragraph 10 of the Complaint contains allegations that constitute conclusions of law to which no response is required; however, to the extent a response is necessary, Formosa denies the same.

11.      Paragraph 11 of the Complaint contains allegations that purport to characterize Plaintiffs' letter, a copy of which is attached as Exhibit 1 to the Original Complaint, which letter speaks for itself; thus, no response is required as to those allegations. Formosa admits that it received the letter, a copy of which is attached as Exhibit 1 to the Original Complaint, and that more than 60 days passed after the letter was sent and before the lawsuit was filed. Formosa denies that it has violated, or is violating, the Clean Water Act. Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12.      Formosa denies the allegations contained in Paragraph 12 of the Complaint.

13.     Formosa denies the allegations contained in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint contains allegations that constitute conclusions of law to which no response is required; however, to the extent a response is necessary, Formosa denies the same.

15.     Formosa denies the allegations contained in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains allegations that constitute conclusions of law to which no response is required; however, to the extent a response is necessary, Formosa admits that the facility at issue is located in Point Comfort, Texas, in Calhoun County, within the Southern District of Texas.  Formosa does not object to venue in the Southern District of Texas.

### "PARTIES"

17.     Except to the extent that the allegations in Paragraph 17 constitute conclusions of law to which no response is required, Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same.

20.     Formosa denies that it has illegally discharged plastics to Cox Creek or Lavaca Bay.  Formosa is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21.     Paragraph 21 of the Complaint contains allegations that purport to characterize a filing made in an administrative proceeding, which is reflected in public records and that speaks for itself; thus, no response is required.  However, to the extent a response is required, Formosa denies the same.

22.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24.     Formosa denies that it has failed to take adequate steps to prevent illegal discharge of plastics.  Formosa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25.     Formosa denies the allegations contained in Paragraph 25 of the Complaint.

26.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28. Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29. To the extent that Paragraph 29 of the Complaint contains allegations that purport to characterize official actions of executive agencies of state or federal government reflected in public records or other official documents that speak for themselves, no response is required. However, to the extent a response is required, Formosa denies the same. To the extent that Paragraph 29 of the Complaint contains allegations that purport to characterize what Plaintiff S. Diane Wilson has said to, or been told by, executive agencies of state or federal government, Formosa is without knowledge or information sufficient to form a belief as to the truth of those allegations. Formosa denies the remaining allegations contained in Paragraph 29.

30. Formosa denies that it has illegally discharged plastics to Cox Creek or Lavaca Bay. Formosa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint, and therefore denies the same.

31. Formosa admits that Lavaca Bay is a superfund site due to mercury discharged by Alcoa. Formosa denies that toxins would adhere to plastic pellets as alleged. Formosa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint, and therefore denies the same.

32. Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33. Formosa denies the allegations contained in Paragraph 33 of the Complaint.

34.     Formosa denies that FORMOSA PLASTICS CORP., TEXAS, is the owner of the entire Plant.  Formosa denies that FORMOSA PLASTICS CORP., U.S.A. is an operator of the Plant. Formosa denies the allegations contained in the last two sentences of Paragraph 34. Formosa admits the remaining allegations contained in Paragraph 34.

35.     Formosa admits the allegations contained in Paragraph 35 of the Complaint.

## "FEDERAL STATUTORY BACKGROUND"

36.     Paragraph 36 of the Complaint contains allegations that purport to describe statutory provisions or that otherwise constitute conclusions of law; thus, no response is required.

37.     Paragraph 37 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

38.     Paragraph 38 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

39.     Paragraph 39 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

**"CLEAN WATER ACT ENFORCEMENT PROVISIONS"**

40.     Paragraph 40 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

41.     Paragraph 41 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

42.     Paragraph 42 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

43.     Paragraph 43 of the Complaint contains allegations that conclusions of law; thus, no response is required.

44.     Paragraph 44 of the Complaint contains allegations that purport to describe statutory provisions or that otherwise constitute conclusions of law; thus, no response is required.

**"STATEMENT OF FACTS"**

45.     Formosa admits the allegations contained in Paragraph 45 of the Complaint.

46.     Formosa denies that treated storm and wastewater are discharged directly into Lavaca Bay. Formosa admits the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Formosa denies that the retention of stormwater in the curbed areas is only theoretical. Formosa admits the remaining allegations contained in Paragraph 47 of the Complaint.

48.     The first sentence of Paragraph 48 of the Complaint contains allegations that purport to describe permit or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required. Formosa admits the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Formosa denies the allegations contained in Paragraph 49 of the Complaint.

50.     Formosa denies the allegations contained in Paragraph 50 of the Complaint.

51.     Formosa admits the allegations contained in Paragraph 51 of the Complaint.

52.     Formosa denies that it has illegally discharged, or is illegally discharging, plastics.  Formosa admits that the plastic pellets it produces would float in water, and that other "plastics" (as defined by Plaintiffs in the Complaint) would sink in water.  Formosa denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains allegations that purport to describe permit or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

54.     Paragraph 54 of the Complaint contains allegations that purport to describe permit or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

55.     Paragraph 55 of the Complaint contains allegations that purport to describe permit or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

56.     Paragraph 56 of the Complaint contains allegations that purport to characterize statements made by the Executive Director of the TCEQ in the course of administrative proceedings, which statements are reflected in public records or other official documents that

speak for themselves; thus, no response is required. Paragraph 56 of the Complaint also contains allegations that purport to describe permit or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

57.     Paragraph 57 of the Complaint contains allegations that purport to describe statutory, permit or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

58.     Paragraph 58 of the Complaint contains allegations that purport to characterize statements made by the Executive Director of the TCEQ in the course of administrative proceedings, which statements are reflected in public records or other official documents that speak for themselves; thus, no response is required. Paragraph 58 of the Complaint also contains allegations that purport to describe permit or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

59.     Paragraph 59 of the Complaint contains allegations that purport to characterize statements made by the Executive Director of the TCEQ and Formosa in the course of administrative proceedings, which statements are reflected in public records or other official documents that speak for themselves; thus, no response is required. However, to the extent a response is required to the allegations contained in Paragraph 59, Formosa denies the same.

60.     Formosa admits the allegations contained in Paragraph 60 of the Complaint.

61.     Formosa denies the existence of systematic problems with containing plastic pellets and PVC powders at its plant.  The remainder of Paragraph 61 of the Complaint contains allegations that purport to characterize official actions of an executive agency of the federal government reflected in public records or other official documents that speak for themselves;

thus, no response is required.  However, to the extent a response is required, Formosa denies the same.

62.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore denies the same.

63.     Formosa admits the first sentence of Paragraph 63 of the Complaint.  Formosa admits that Ms. Vitale has reported finding substances near the diffuser at outfall 001 and that she has provided samples of water containing such substances during the time frames alleged. Formosa denies the remaining allegations in Paragraph 63.

64.     Formosa admits the allegations contained in Paragraph 64 of the Complaint.

65.     Formosa denies the allegations contained in Paragraph 65 of the Complaint.

66.     Formosa denies the allegations contained in Paragraph 66 of the Complaint.

67.     Formosa denies the allegations contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains allegations that purport to characterize official actions of an executive agency of the federal government reflected in public records or other official documents that speak for themselves; thus, no response is required.  However, to the extent a response is required, Formosa denies the same.

69.     Paragraph 69 of the Complaint contains allegations that purport to characterize official actions of an executive agency of the federal government reflected in public records or other official documents that speak for themselves; thus, no response is required.  However, to the extent a response is required, Formosa denies the same.

70.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore denies the same.

71.     Formosa denies the allegations contained in Paragraph 71 of the Complaint.

72.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, and therefore denies the same.

73.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore denies the same.

74.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore denies the same.

75.     Formosa admits that it received written comments submitted in the course of its permitting proceeding.  Formosa denies the remaining allegations contained in Paragraph 75 of the Complaint.

76.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore denies the same.

77.     Paragraph 77 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required. However, to the

extent a response is required, Formosa denies the same. Formosa denies the remaining allegations contained in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required. However, to the extent a response is required, Formosa denies the same.

79.     Paragraph 79 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required. However, to the extent a response is required, Formosa denies the same.

80.     Paragraph 80 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.

81.     Paragraph 81 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.

82.     Paragraph 82 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.  However, to the extent a response is required, Formosa denies the same.

83.     Formosa denies the allegations contained in Paragraph 83 of the Complaint.

84.     Formosa denies that it has illegally discharged plastics. Formosa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of the Complaint, and therefore denies the same.

85.     Formosa denies that it has illegally discharged plastics. Formosa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint, and therefore denies the same.

86.     Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and therefore denies the same.

87.     Formosa denies that it has illegally discharged plastics. Formosa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 of the Complaint, and therefore denies the same.

88.     Formosa admits the allegations contained in Paragraph 88 of the Complaint as to the plastic pellets.  As to the other substances included in Plaintiff's definition of plastics, Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and therefore denies the same.

89.     Formosa admits the allegations contained in Paragraph 89 of the Complaint as to the plastic pellets.  As to the other substances included in Plaintiff's definition of plastics, Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore denies the same.

90.     Formosa denies the allegations contained in Paragraph 90 of the Complaint.

91.    Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and therefore denies the same.

92.    Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and therefore denies the same.

93.    Formosa denies the allegations contained in Paragraph 93 of the Complaint.

94.    Formosa denies that has illegally discharged or is illegally discharging plastics pellets.    Formosa admits that it retained independent contractors, including Horizon Environmental, to conduct clean-up operations in 2017. Formosa denies the remaining allegations contained in Paragraph 94 of the Complaint.

95.    Formosa denies the allegations contained in Paragraph 95 of the Complaint.

96.    Formosa denies the allegations contained in Paragraph 96 of the Complaint.

97.    Formosa denies the allegations contained in Paragraph 97 of the Complaint.

98.    Paragraph 98 of the Complaint contains allegations that purport to characterize official actions of an executive agency of the federal government reflected in public records or other official documents that speak for themselves; thus, no response is required. However, Formosa denies that it violated the Clean Air Act, the Resource Conservation and Recovery Act, the Clean Water Act, or the Emergency Planning and Community Right-to-Know Act.

99.    Paragraph 99 of the Complaint contains allegations that purport to characterize official actions of an executive agency of the federal government or statements made by Formosa in the course of an enforcement action, which are reflected in public records or other official documents that speak for themselves; thus, no response is required.

100.     Paragraph 100 of the Complaint contains allegations that purport to characterize official actions of an executive agency of the federal government or statements made by Formosa in the course of an enforcement action, which are reflected in public records or other official documents that speak for themselves; thus, no response is required to such allegations. Formosa denies the remaining allegations in Paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.

102.     Formosa denies the allegations contained in Paragraph 102 of the Complaint.

103.     Formosa denies the allegations contained in Paragraph 103 of the Complaint.

104.     Paragraph 104 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.  However, Formosa denies that it violated the Clean Water Act.

105.     Paragraph 105 of the Complaint contains allegations that purport to describe permitting provisions or that otherwise constitute conclusions of law; thus, no response is required to such allegations.  Formosa denies that the procedure described in Paragraph 105 was Formosa's "common practice."  Formosa further denies that the procedure described in Paragraph 105 reflected a belief that Formosa's routine sampling results were unreliable. Formosa further denies that it violated its TPDES permit.

106.     Paragraph 106 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.  However, Formosa

denies that it violated the Clean Air Act.

107.    Paragraph 107 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.  However, Formosa denies that it violated the law.

108.    Paragraph 108 of the Complaint contains allegations that purport to characterize official actions of an executive agency of state government reflected in public records or other official documents that speak for themselves; thus, no response is required.  However, Formosa denies that it violated worker safety laws or that workers were illegally exposed to PVC, SPVC, or other plastic powders at the facility.

109.    Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint, and therefore denies the same.

110.    Formosa denies the allegations in the first sentence of Paragraph 110 of the Complaint. Formosa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Complaint, and therefore denies the same.

111.    Formosa denies the allegations contained in Paragraph 111 of the Complaint.

112.    Formosa is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint, and therefore denies the same.

## "FIRST CLAIM FOR RELIEF"

### Violations of Provisions Prohibiting Discharge of Solids

### (Violations of 33 U.S.C. Sections 1311(a), 1342)

113.    Formosa re-states and incorporates its foregoing answers to all Paragraphs of the Complaint.

114.    To the extent that Paragraph 114 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or otherwise constitute conclusions of law, no response is required; however, to the extent a response is required, Formosa denies the same.

115.    To the extent that Paragraph 115 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or otherwise constitute conclusions of law, no response is required; however, to the extent a response is required, Formosa denies the same.

116.    Paragraph 116 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

117.    Paragraph 117 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

118.    To the extent that Paragraph 118 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or otherwise constitute conclusions of law, no response is required; however, to the extent a response is required, Formosa denies the same.

119.    To the extent that Paragraph 119 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or otherwise constitute conclusions of law,

no response is required; however, to the extent a response is required, Formosa denies the same. Further, Formosa denies that is has violated and is violating the law.

120.    Paragraph 120 of the Complaint contains legal conclusions to which no response is required.

## "SECOND CLAIM FOR RELIEF"

### Violations of Monitoring and Reporting Requirements

### (Violations of 33 U.S.C. Sections 1311(a), 1342)

121.    Formosa re-states and incorporates its foregoing answers to all Paragraphs of the Complaint.

122.    Formosa denies the allegations contained in Paragraph 122 of the Complaint.

123.    To the extent that Paragraph 123 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or otherwise constitute conclusions of law, no response is required; however, to the extent a response is required, Formosa denies the same.

124.    Paragraph 124 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or that otherwise constitute conclusions of law; thus, no response is required.

125.    To the extent that Paragraph 125 of the Complaint contains allegations that purport to describe statutory or regulatory provisions or otherwise constitute conclusions of law, no response is required; however, to the extent a response is required, Formosa denies the same. Further, Formosa denies that is has violated, is violating, or will violate the law.

## AFFIRMATIVE DEFENSES

**Actions Pursuant to and in Compliance with Valid Permit**

126.    Plaintiffs' claims are barred because, at all relevant times, Formosa was acting pursuant to and in compliance with a TPDES permit validly granted by the Texas Commission on Environmental Quality when the events allegedly giving rise to the claims occurred.

**Upset (40 C.F.R. § 122.42)/Force Majeure**

127.    Pleading strictly in the alternative, Formosa pleads that Plaintiffs' claims are barred under 40 C.F.R. § 122.42 and/or under the force majeure doctrine.

**Lack of Fair Notice under the Due Process Clause of the U.S. Constitution**

128.    Plaintiffs' claims violate the due process clause and other provisions of the United States Constitution to the extent they seek to establish liability on the basis of a permit that fails to provide fair notice to Defendants of what is prohibited or required and a reasonably clear standard of culpability to circumscribe the discretion of the enforcing authority and its agents.

## RESERVATION OF RIGHTS

129.    Formosa will rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves its rights to amend this Answer and Defenses for purposes of asserting additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Formosa requests an Order entering judgment in its favor, awarding costs and disbursements, and granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By:      */s/ J. Stephen Ravel*
         J. Stephen Ravel
         Texas State Bar No. 16584975
         Diana L. Nichols
         Texas State Bar No. 00784682
         KELLY HART & HALLMAN LLP
         303 Colorado, Suite 2000
         Austin, Texas 78701
         Tel. (512)495-6429
         Fax (512) 495-6401
         Email:  steve.ravel@kellyhart.com
         Email:  diana.nichols@kellyhart.com

         **ATTORNEYS FOR DEFENDANTS**
         **FORMOSA PLASTICS COR. and TEXAS**
         **FORMOSA PLASTICS CORP., U.S.A.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 13, 2019 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

/s/ *J. Stephen Ravel*
J. Stephen Ravel