United States District Court
Southern District of Texas
**ENTERED**
December 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| SAN ANTONIO BAY ESTUARINE WATERKEEPER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> FORMOSA PLASTICS CORP., TEXAS, et al., <br><br> Defendants. | CIVIL ACTION NO. 6:17-cv-00047 |

## AMENDED ORDER REFERENCING DE 219

### I.

Before the Court is the parties' dispute concerning the interpretation of paragraphs 36, 37 and 38 of the Consent Decree. The dispute is whether Plastics found by the Monitor or concerned citizens in specified areas outside Formosa's Cox Creek outfalls constitute violations of the zero-discharge mandate set out in the Consent Decree. The Court determines that any such findings constitute a violation of the zero-discharge mandate and TPDES permit.

### II.

Formosa's current TPDES permit allows Formosa to discharge storm water and other waters from outfalls 002, 003, 004, 005, 006, 007, 008, 009, 010, and 012. However, the Consent Decree authorizes "zero-discharge of storm water or other waters including washwater from outfalls 002 - 009, 012 and 014 for rainfall events of 5-year 24-hour rainfall (6.8 inches in 24 hours) or less as measured by Formosa's onsite rain gauge." The fact that Formosa is not currently or will not in the future discharge from one or more of the outfalls at Cox Creek for that matter, does not alter Formosa obligations under Paragraphs 36, 37 or 38. The term outfalls contained in

paragraph 36 of the Consent Decree refers to Formosa's permitted discharge of stormwater and other waters into Cox Creek and Lavaca Bay by way of Formosa's outfalls, or those capable of discharging water into Cox Creek or Lavaca Bay. Because the Monitor's duty is confined to documentation and reporting, the Court STATES that:

a) Paragraph 36 requires mitigation payments by Formosa into the Mitigation Trust when the Monitor or when Formosa documents any Plastics on the shores or in the water, inside Formosa's containment booms at Cox Creek outfalls 002 – 010, 012 and 014;

b) Paragraphs 36 and 38 require Formosa to report Plastics to the TCEQ pursuant to the unambiguous mandate language in Paragraph 38 relating to Cox Creek and for outfalls 002 – 010, 012 and/or 014; when Plastics are detected on the shores or in the water, inside Formosa's containment booms at the respective outfalls.

### III.

Formosa argues that the Monitor must document a discharge of water from an outfall before Plastics found at any outfall triggers payment by Formosa into the Mitigation Fund. This view is contrary to the unambiguous terms of the Court Decree. The Monitor's duty is to simply documents the presence of Plastics. It is not the Monitor's function to determine source or cause, or justify his findings based on a found discharge of water(s). In such instances, Formosa has the burden to refute that the Plastics found are not a result of a new release. However, such a claim is not a basis to delay or not pay the penalty into the Mitigation Fund. Where the evidence establishes that the Plastics are not the result of a new discharge, Formosa may petition for a refund.

It is so ORDERED.

SIGNED on this 29th day of December, 2020.

Kenneth M. Hoyt
United States District Judge